**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JAN 17 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MARCUS DEAN FELKINS,<br><br>       Plaintiff - Appellant,<br><br>  v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>       Defendant - Appellee. | No. 23-4304<br><br>D.C. No.<br>2:22-cv-01652-DJC-KJN<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Eastern District of California
Daniel J. Calabretta, District Court, Presiding

Submitted January 15, 2025[**]
San Francisco, California

Before: H.A. THOMAS, MENDOZA, and DE ALBA, Circuit Judges.

Marcus Dean Felkins appeals the district court's order affirming an

Administrative Law Judge's (ALJ) denial of his application for disability insurance

benefits and supplemental security income. We have jurisdiction under 28 U.S.C.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

§ 1291. We affirm.

"We review de novo a district court's order affirming a denial of Social Security benefits." *Revels v. Berryhill*, 874 F.3d 648, 653–54 (9th Cir. 2017) (citations omitted). We may reverse a denial of benefits only when the decision is "based on legal error or not supported by substantial evidence in the record." *Id.* at 654 (quoting *Benton ex. rel. Benton v. Barnhart*, 331 F.3d 1030, 1035 (9th Cir. 2003)).

1. Substantial evidence supports the ALJ's conclusion that Felkins was not disabled through the date last insured. A claimant must demonstrate disability while still insured, that is on or before his date last ensured, to be entitled to Title II Benefits. *See* 42 U.S.C. § 423(a)(1)(A). Felkins was last insured on December 31, 2013. On appeal to this court and before the ALJ, Felkins alleges vision and knee impairments that he claims were caused by accidents that occurred between 2012 and 2013, involving, respectively, an incident where he was struck by a fallen tree branch and a workplace injury.

Relying on medical records contemporaneous to the injury, spanning November 2012 through August 2013, which did not indicate any unresolved vision problems or symptoms, the ALJ determined that Felkins "did not meet or equal any visual listing prior to the date last insured." The ALJ noted that the first mention of blurry vision in Felkins' medical record occurred in 2015, during which

2

no objective medical findings as to vision problems were made. The first objective finding of vision problems occurred in 2019, approximately five years past the date of last insured. Even then, while Felkins had only 20/200 vision in left eye, his right eye, with 20/40 vision, was within "normal limits."

In light of Felkins' longitudinal medical record, the ALJ properly discounted inconsistent medical testimony from Dr. Phillip Edington and Dr. David Woods as to Felkins' vision impairment. *See Woods v. Kijakazi*, 32 F.4th 785, 792 (9th Cir. 2022) (requiring that an ALJ opinion reflect how the ALJ "considered the supportability and consistency factors" in rejecting an examining doctor's medical opinion); 20 C.F.R. § 404.1520c(a)–(b). Dr. Edington's opinion that Felkins was legally blind as of July 2020 was irrelevant insofar as it "concern[ed] the claimant's functioning subsequent to the date last insured." The ALJ properly discounted, on the same grounds, Dr. Woods' testimony from May, August, October, and December 2019 that Felkins was, by the time of examination, visually impaired. *See Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005) ("Where evidence is susceptible to more than one rational interpretation, it is the ALJ's conclusion that must be upheld." (citations omitted)).

Substantial evidence also supports the ALJ's determination that Felkins is unable to establish a knee impairment on or prior to the date last insured. The ALJ properly relied on the testimony of Dr. A. Wong, who opined in September 2019

3

that Felkins could perform work at the light exertional level, as consistent with "evidence available at the time of determination." The ALJ adequately explained her decision to discount the testimony of Dr. Brown as inconsistent with Felkins' record given his "resolved post-concussive symptoms" and "normal gait."

2. The ALJ provided "specific, clear, and convincing reasons" for discrediting Felkins' subjective symptom testimony regarding intermittent problems with his vision after his accident in 2012. *Smartt v. Kijakazi*, 53 F.4th 489, 499 (9th Cir. 2022). In his testimony, Felkins explained that he "never thought about going to the doctor" for his eyes. The ALJ noted that while his allegations may be consistent with his "current functioning," the absence of a medical record of visual impairment prior to 2015 rendered his comments "not entirely consistent." *See Smartt*, 53 F.4th at 498 (holding that an ALJ properly discounts subjective testimony where inconsistent with the medical record).

**AFFIRMED.**

4